KIDWELL (MASTERSON v.). See Case No. 9,269.

## Case No. 7,759.
### KIEF et al. v. The LONDON.
[Newb. 6;[1] 6 McLean, 184.]

District Court, D. Michigan. Oct. Term, 1854.

PRACTICE IN ADMIRALTY—SEAMEN'S WAGES—CERTIFICATE OF COMMISSIONER—RESIDENCE OF JUDGE SHOWN ON CERTIFICATE.

1. The sixth section of the act of congress of 1790 [1 Stat. 133] confers power on the judge or justice to issue summary process in the cases specified; and the court will not look beyond the certificate of such officer for the authority of the clerk to issue the process prescribed; but such certificate must show on its face that the commissioner had authority to act.

2. Two seamen, being discharged from the steamer London, at the port of Detroit, made oath before a United States commissioner, of the amount due them as wages, who certified the same to the district clerk; on which a summons was issued, directed to the master of the vessel, to show cause why proceedings should not be forthwith instituted against the vessel.

3. The principal objection to the process was, that the certificate upon which it was based did not state the residence of the district judge, or that he was absent from his residence in the city of Detroit, where the admiralty court was held [because of its failure to so state it is held that the proceedings are void and should be set aside].

The libelants [Kief and Long] were two seamen who served upon the steamboat London; who had been discharged at the port of Detroit. They made application to the clerk of this court as a commissioner, for summons against the master of the vessel to show cause why admiralty process should not issue against the steamboat, under the summary provisions of the 6th section of the act of 1790. The clerk acting as commissioner, certified to the clerk, that sufficient cause of complaint existed, whereon to found admiralty process. An attachment was then is-

[1] [Reported by John S. Newberry, Esq.]

sued, placed in the hands of the marshal, and the steamboat was seized. The claimants filed exceptions to the proceedings in seven allegations, which were argued at length.

Sidney D. Miller, for libelants.

Hunt & Newberry, for respondent.

WILKINS, District Judge. A motion is made, on the part of the claimants of said vessel, to quash the writ issued in this case, and all subsequent proceedings, on seven distinct grounds set forth in the application. The process was issued by the clerk of the district court against the vessel, on the certificate of a commissioner of said court, stating that there existed sufficient cause of complaint, on behalf of complainants, on which to found admiralty process, under the summary provisions of the sixth section of the act of 1790 [1 Stat. 133]. The first six exceptions taken, embrace objections to the regularity of the proceedings before the commissioner, the service of the summons, and the sufficiency of the case made before that officer, as the basis of the certificate. Into these matters the court will not inquire. The statute clothes the judge or justice with power in the premises, and this court will not look beyond the certificate, as conferring authority on its clerk to issue the process. But although the court will not look beyond, it will look at the certificate, in order to ascertain whether the exigency specified in the statute existed; or, in other words, whether there was a statutory authority for the process.

The object of the law is the speedy adjustment and recovery of seamen's wages, and at the same time to prevent vexatious litigation. With this view, the statute provides, that "if the wages be not paid within a specified period, or any dispute shall arise in regard thereto, it shall be lawful for the judge of the district wherein the vessel is moored, to issue a summons for the master to appear before him, and show cause why proceedings should not be forthwith instituted against the vessel, according to the course of admiralty courts, for the recovery of the wages due." But the statute further provides, "that in case the residence of the judge of the district be more than three miles from the place, or he be absent from his place of residence, then, in such case, any state magistrate or United States commissioner may issue such summons, take temporary cognizance of the complaint, and certify, if the amount be not settled, the subject matter to the district clerk, as the foundation of process in behalf of the seamen." Such certificate must be in compliance with the statute, or else it is no foundation for the action of the clerk. It must state the residence of the judge of the district, and if that be more than three miles from the place, or he is absent from his residence at the time the proceedings are instituted before the magistrate, the proceedings are regular.

As the certificate is the only paper placed of record in this court, as the basis of proceedings here, it must show on its face, that the state magistrate or the commissioner had authority to act. Such is not the character of this certificate, and the writ is set aside, and the subsequent proceedings.